UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **ROSS A. McCORMICK,**<br>an adult resident of Lincolnville,<br>County of Waldo, and<br>State of Maine,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>**K CONSTRUCTION, INC.**, a Maine<br>Corporation with a place of business in<br>Waldo County, the town of Belfast, and<br>State of Maine,<br><br>　　　　and<br><br>**CODY KEITHAN**,<br>an adult resident of Belfast,<br>County of Waldo, and<br>State of Maine,<br><br>　　　　Defendants. | **Case No.** |

## COMPLAINT

Plaintiff, by and through his undersigned attorneys, complains against Defendants, K Construction, Inc. and Cody Keithan ("Defendants") as follows:

### Parties and Jurisdiction

1. The Plaintiff, Ross A. McCormick, resides in Lincolnville, Maine.

2. The Defendant, K Construction, Inc., is a Maine corporation licensed to do business in Maine with a place of business located in Belfast, Maine.

3. K Construction, Inc., is a business that has at least two employees and, on information and belief, does business amounting to at least $500,000 per year.

4. The Defendant, Cody Keithan, resides in Belfast, Maine and is the owner of K Construction, Inc.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343. Specifically, this action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, *et seq.* Jurisdiction is also proper under 28 U.S.C. § 1367, as the state law claims are so related to the FLSA claim that they form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**Factual Background**

7. Plaintiff was hired on October 7, 2014, as a lead carpenter.

8. Plaintiff signed an Employment Agreement with Defendant K Construction that fixed his annual salary at $58,464.

9. Despite signing a contract categorizing Plaintiff as a salaried employee, K Construction actually paid Plaintiff on an hourly basis at Defendants' sole discretion.

10. Plaintiff often worked more than 40 hours a week and never received overtime compensation.

11. Although his title was lead carpenter, Plaintiff's job functionally was to perform manual construction labor at sites selected by Defendant Keithan, and work was performed strictly according to instructions from Defendant Keithan.

12. Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance because all decisions of significance were made by Defendant Keithan, and Plaintiff could not change his work orders.

13. Plaintiff had no ability to hire or fire any employees at K Construction.

14. Plaintiff did not solicit clients for Defendant K Construction.

15. Plaintiff was fired by Defendant Keithan on December 18, 2015.

16. On December 19, 2015, Plaintiff requested that he be paid his unpaid overtime wages.

17. K Construction has never paid Plaintiff his wages due.

### **Plaintiff's Request for His Personnel File**

18. On January 6, 2016, Rebecca Webber, Esq., of Skelton, Taintor & Abbott sent Defendant K Construction a letter requesting a copy of Plaintiff's personnel file pursuant to 26 M.R.S. § 631.

19. Defendant K Construction did not produce Plaintiff's personnel file within 10 days, as required by statute.

20. On January 20, 2016, Attorney Webber sent Defendant K Construction a reminder of Plaintiff's request for his personnel file.

21. On January 21, 2016, Defendant K Construction produced a part of Plaintiff's personnel file but omitted a significant amount of wage records.

22. On January 22, 2016, Attorney Webber informed Defendant K Construction of the omission of wage records and asked for those records to be produced.

23. On January 27, 2016, Attorney Webber sent Defendant K Construction a reminder about the remainder of Plaintiff's personnel file.  Nothing was produced.

24. On February 3, 2016, Attorney Webber sent Defendant K Construction a reminder about the remainder of Plaintiff's personnel file.

25. Defendant K Construction produced the remainder of Plaintiff's personnel file on February 3, 2016—28 days after Plaintiff's initial request for his personnel file under 26 M.R.S. §631.

### COUNT I: Violation of 26 M.R.S. § 664
(Against K Construction)

26. Plaintiff refers to and incorporates by reference the allegations made in the above paragraphs.

27. Plaintiff was an employee and individual entitled to the protections of the Maine wage and hour laws, 26 M.R.S. §§ 621-A *et seq.* and §§ 661 *et seq.*

28. Defendant is, and at all relevant times was, an employer subject to the Maine wage and hour laws, 26 M.R.S. §§ 621-A *et seq.* and §§ 661 *et seq.*

29. 26 M.R.S. § 664(3) requires employers to pay employees, like Plaintiff, one and a half times their regular rate of pay for all hours worked in excess of 40 hours within a workweek.

30. Plaintiff was not a salaried employee as defined by 26 M.R.S. § 663(K) or Maine Department of Labor regulations.

31. Plaintiff did not perform exempt work, as defined by 26 M.R.S. § 663(3) or Maine Department of Labor regulations.

32. Plaintiff frequently worked more than 40 hours per week for Defendant.

33. Plaintiff never received pay at a rate of one and a half times his regular rate.

34. Defendant intentionally violated 26 M.R.S. § 664(3).

35. Because of Defendant's violation of 26 M.R.S. § 664(3), Plaintiff has suffered and continues to suffer damages.

### COUNT II: Violation of 26 M.R.S. § 621-A
(Against K Construction)

36. Plaintiff refers to and incorporates by reference the allegations made in the above paragraphs.

37. Plaintiff worked more than 40 hours a week for Defendant and did not receive overtime compensation.

38. Plaintiff was not a salaried employee as defined by 26 M.R.S. § 663(K) or Maine Department of Labor regulations.

39. Plaintiff did not perform exempt work, as defined by 26 M.R.S. § 663(3) or Maine Department of Labor regulations.

40. Plaintiff was entitled to receive overtime compensation and made a demand for payment of all unpaid wages on December 19, 2015.

41. It has been more than 8 days after payment of wages was due under 26 M.R.S. § 621-A.

42. Defendant has not paid Plaintiff his overdue overtime wages.

43. There is no bona fide dispute as to Plaintiff's entitlement to wages.

44. Because of Defendant's violation of 26 M.R.S. § 621-A, Plaintiff has suffered and continues to suffer damages.

## COUNT III: Violation of 26 M.R.S. § 626
(Against K Construction)

45. Plaintiff refers to and incorporates by reference the allegations made in the above paragraphs.

46. Plaintiff's employment at Defendant ended on December 18, 2015.

47. Plaintiff requested that all of his wages be paid, including unpaid overtime wages, at the office of Defendant K Construction on December 19, 2015.

48. Plaintiff has never received payment for his overtime wages.

49. Defendant has violated 26 M.R.S. § 626 by failing to pay Plaintiff in full within a reasonable time after demand.

50. There is no bona fide dispute as to Plaintiff's entitlement to wages.

51. Because of Defendant's violation of 26 M.R.S. § 626, Plaintiff has suffered and continues to suffer damages.

### COUNT IV: Violation of the Fair Labor Standards Act (29 U.S.C. § 207)
(Against All Defendants)

52. Plaintiff refers to and incorporates by reference the allegations made in the above paragraphs.

53. Plaintiff was employed by Defendant K Construction and was an employee and individual entitled to the protections of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

54. Defendant K Construction was, at all relevant times was, an employer subject to the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

55. Defendant Keithan was, at all relevant times was, an employer subject to the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*  Defendant Keithan is the owner of K Construction and made all decisions of significance for the company, including decisions about hiring and firing, compensation of employees, assignment of employees to job sites, soliciting clients and determining the specifications and work plan for each job.

56. Defendant K Construction is a company is with more than two employees and $500,000 annually in sales, and Defendants regularly use mail, telephone and email for interstate communication and receive and handle interstate goods.

57. Plaintiff was not paid on a salary basis as defined by the Fair Labor Standards Act or Federal regulation.

58. Plaintiff was a "non-exempt" employee as defined by the Fair Labor Standards Act and federal regulations.

59. During Plaintiff's employment with Defendants, he was required to work without receiving overtime pay when he worked in excess of 40 hours per week.

60. 29 U.S.C. § 207 requires employers to pay employees 1 ½ times their regular rate of pay for all hours worked in excess of 40 hours within a workweek.

61. Defendants intentionally and without good faith violated 29 U.S.C. § 207.

62. Defendant Keithan knowingly misclassified Plaintiff as an exempt employee and intentionally withheld overtime wages due.

63. Plaintiff has suffered and continues to suffer damages.

### COUNT V: Violation of 26 M.R.S. §631
(Against K Construction)

64. Plaintiff refers to and incorporates by reference the allegations made in the above paragraphs.

65. Plaintiff requested his personnel file pursuant to 26 M.R.S. §631 (defining a personnel file as including, but not limited to, "any formal or informal employee evaluations and reports relating to the employee's character, credit, work habits, compensation and benefits and non-privileged medical records or nurses' station notes relating to the employee which the employer has in his possession").

66. Section 631 entitles Plaintiff to all documents that reflect on his character and work habits that are in the Defendant's possession. *See Harding v. Wal-Mart Stores, Inc.*, 2001 ME 13, ¶¶ 11-13, 765 A.2d 73, 75 (internal quotation marks and citation omitted) (stating that a personnel file for purposes of §631 is not limited "to those records physically included within a particular file folder; rather, the language of the

statute makes it applicable to any such records the employer has in the employer's possession" and includes any investigative records involving the employee, regardless of how the employer labels them).

67. Defendant did not produce Plaintiff's personnel file until 28 days after his initial request.

WHEREFORE, Plaintiff requests that this Court:

a) award Plaintiff his unpaid wages, including overtime wages, including a reasonable rate of interest;

b) an amount of twice Plaintiff's unpaid wages as liquidated damages pursuant to 26 M.R.S. § 626-A;

c) liquidated damages under 29 U.S.C. § 216(b);

d) award Plaintiff a civil forfeiture from K Construction for its failure to produce Plaintiff's personnel file for 28 days; and

e) award Plaintiff's costs and attorney's fees pursuant to 26 M.R.S. § 626-A and 29 U.S.C. § 216(b); and

f) all such further relief as this Court deems proper.

/s/ Amy Dieterich, Esq.
Rebecca S. Webber, Esq.
Amy Dieterich, Esq.
*Attorneys for Plaintiff*
Skelton, Taintor & Abbott
95 Main Street
Auburn, ME 04210
(207) 784-3200
adieterich@sta-law.com
rwebber@sta-law.com

DATED: March 1, 2016